## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SLaM ARCHITECTURE + PLANNING, INC.,

          Plaintiff,

   and

SOCIETY INSURANCE,

          Intervening Plaintiff,

   v.                              Case No. 06-C-359

DANIEL PAMPERIN, LORI PAMPERIN,
PROSSER BUILDERS, INC. and
MC MONAGLE LUMBER, INC.,

          Defendants.

## DECISION AND ORDER

Intervening plaintiff Society Insurance has moved for summary judgment, asserting that the policy it issued to defendant Prosser Builders, Inc. does not provide coverage for the allegations raised by the plaintiff in this lawsuit. According to the complaint, Prosser, a home builder, infringed on the copyrighted architectural plans of Sachs, Long and McMahon (known as "SLaM"). In particular, the complaint alleges Prosser used plans that were copied from SLaM's copyrighted "Kubiak residence." The applicable insurance policy covers only "bodily injury," "property damage" or "personal and advertising injury," and Society Insurance argues that the copyright infringement allegations found in the complaint do not fall within any of those categories. For the reasons given below, Society's motion will be granted.

**ANALYSIS**

Society issued Prosser Builders a standard business liability policy, which covers "those sums the insured becomes legally obligated to pay because of 'bodily injury,' 'property damage' or 'personal and advertising injury.'" (Policy at 1[1].) Prosser asserts two possible grounds for coverage. First, it claims property damage to the building arising in September of 2005 when plaintiff sent a demand letter to Prosser. Second, it asserts "potential coverage" under the advertising injury provision of the Society policy. (Def. Br. at 2.)

**1. Property Damage**

Prosser claims that property damage occurred as a result of a letter SLaM sent in September 2005 accusing Prosser of copyright infringement and demanding partial destruction of the home in question. The letter read, in relevant part: "The home that you have built at 396 Talus Court and entered in the 2005 Showcase of Homes is a blatant copy of a home designed by Sachs, Long and McMahon . . . and your use of this home plan constitutes violation of federal copyright law." (Prosser Aff., Ex. B.) The letter demands that Prosser "immediately cease and desist all public and private showings of the infringing home" and "refrain from closing transactions with the purported purchaser of the infringing home, unless and until" certain conditions were met. Among these conditions were a demand that Prosser make substantial changes to the home's exterior and provide an accounting for any profits Prosser had made from the design. This demand letter, Prosser claims, clouded the title to the property, reduced its value, and thus caused "property damage" under the policy's coverage for "loss of use of tangible property that is not physically injured." (Policy at 15.)

---

[1]The businessowners liability policy is found in exhibit B to the affidavit of Heidi Vogt.

2

Even accepting the premise that the specter of copyright infringement might cause a loss of use of the home (a doubtful assumption), the present lawsuit does not seek damages for loss of use. It must be remembered that the house in question belongs not to the plaintiff, but to the Pamperins, who are co-defendants in this action, and they are the only conceivable party who could claim damages resulting from the loss of use of their property. SLaM, as the designer of the allegedly infringing home, did not sustain any damages from the home's loss of use – in fact, it was SLaM's own demand letter that Prosser alleges caused the loss of use. Thus, if SLaM succeeds in its lawsuit against Prosser, the damages Prosser owes will not stem from any loss of use of the property. Because the policy only covers loss of use damages that Prosser will be obligated to pay, I conclude that coverage for property damage does not exist.

Prosser also claims coverage for any damage that might be caused to the property in the future as a result of SLaM's infringement claims. It bases this argument on the policy's "products-completed operations" exception to section (6) of exclusion k. (Policy at 6.) Section (6) of that exclusion excludes coverage for "that particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." The exception to that exclusion restores coverage for "'property damage' included in the products - completed operations hazard." Prosser's claim for coverage based on this exception fails for at least two reasons. First, if damages result from the property's need to be restored or repaired, that is an issue between Prosser and the homeowners – it is not (as discussed above) an issue arising out of the complaint SLaM filed against Prosser in this lawsuit. Second, the products - completed operations exception applies only to exclusion k, and that exclusion has not been cited by Society in this case. That is, Society has not claimed that any coverage is precluded by exclusion k, and thus any exceptions to that exclusion

3

have no relevance here. Exceptions to exclusions do not create coverage when the exclusion itself is not even at issue. "An exception pertains only to the exclusion clause within which it appears; the applicability of an exception will not create coverage if the insuring agreement precludes it or if a separate exclusion applies." *American Family Mut. Ins. Co. v. American Girl, Inc.,* 2004 WI 2, 673 N.W.2d 65, 73 (Wis. 2004). Accordingly, because the complaint fails to allege covered property damage, Prosser's argument for coverage on that basis must fail.

**2. Advertising Injury**

Prosser also seeks coverage based on an advertising injury. At the outset, I note that Prosser's answer admitted there has been "no bodily injury or advertising injury during the policy period." (Answer to Intervenor Complaint, ¶ 19.) In its response to Society's motion for summary judgment, however, Prosser now seeks to amend its answer to essentially retract that admission. Society is correct that Prosser's motion to amend does not solve Prosser's problem because the coverage question turns not on Prosser's answer but on the allegations within the plaintiff's complaint: the duty to defend is "predicated on allegations in a complaint which, if proved, would give rise to recovery under the terms and conditions of the insurance policy." *Baumann v. Elliott,* 2005 WI App 186, 704 N.W.2d 361, 365-66 (Wis. Ct. App. 2005) (quoting *Elliott v. Donahue,* 485 N.W.2d 403 (1992)). "Because our focus is on the complaint, courts refer to this rule as the 'four corners' analysis." *Id.* Thus, even if I granted Prosser's request to amend its answer, the coverage question would focus solely on the complaint.

Turning to that question, Prosser asserts that even though the complaint is silent about advertising, facts may develop to bring the plaintiff's claims within the policy's coverage for advertising injury. Under the policy, advertising injury includes injury arising out of "Infringing

4

upon another's copyright, trade dress or slogan in your 'advertisement.'" (Policy at 14.) Prosser suggests that even though the complaint fails to mention advertising, SLaM's September 2005 demand letter refers to Prosser's advertising of the allegedly infringing home in the Showcase of Homes publication. Thus, in Prosser's view the case could ultimately involve damages sustained by the plaintiff resulting from Prosser's advertising.

Yet it is clear that the complaint seeks damages and injunctive relief without respect to whether the copyrighted house design was ever advertised. Because the coverage analysis begins and ends with the complaint itself, Prosser's own speculation about what *else* might arise in the case is not relevant to the coverage question. *Indiana Ins. Co. v. Super Natural Distributors, Inc.,* 2003 WL 22336427, *7 (Wis. Ct. App. 2003) ("Here, we look to the allegations in the Cytodyne complaint to determine whether they give rise to the possibility of coverage under the Policies' "advertising injury" provision (subsec.g) relating to infringement of copyright."); *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.,* 2003 WI 33, 660 N.W.2d 666, 673 (Wis. 2003) ("The duty to defend is based solely on the allegations 'contained within the four corners of the complaint,' without resort to extrinsic facts or evidence.) Indeed, the *Bradley* court's advertising injury analysis was grounded solely in the allegations of the complaint:

> In order to make this determination we must answer three questions: (a) Does the Lawler complaint state an offense covered under the advertising injury provisions of the insurance policies? (b) Does the Lawler complaint allege that Bradley engaged in advertising activity? (c) Does the Lawler complaint allege a causal connection between the injury alleged and Bradley's advertising activity?

660 N.W.2d at 675.[2]

---

[2]The court of appeals' analysis in *Super Natural Distributors* was identical: "In order to make the possibility-of-coverage determination, we must answer three questions: (a) Does the Cytodyne complaint state an offense covered under the "advertising injury" provisions of the

5

Following this approach, it is clear that the complaint fails to allege advertising injury. In fact, it does not allege that Prosser engaged in *any* advertising activity, much less that a causal connection exists between such activity and injury the plaintiff sustained. Instead, its claims are limited to damages and injunctive relief related to or arising out of Prosser's building of infringing houses. It is of course true that the complaint in a duty-to-defend dispute must be construed liberally, but that does not mean a court is to prognosticate about any conceivable claims a plaintiff might have which are left out of the complaint. Nor does it mean a court should take extrinsic evidence into account: "The duty to defend is based solely on the allegations 'contained within the four corners of the complaint,' without resort to extrinsic facts or evidence." *Fireman's Fund,* 660 N.W. at 673.[3] To accept Prosser's contention would be to allow insured defendants to control both the nature of the plaintiff's complaint as well as the insurer's duty to defend. Yet courts are clear that the duty to defend applies only to lawsuits that have actually been brought and not to claims or theories of recovery not even alleged in the complaint filed. Because I find that no advertising injury has been alleged in SLaM's complaint against Prosser, I conclude that the policy issued by Society does not provide coverage.

---

insurance policies? (b) Does the Cytodyne complaint allege that Super Natural engaged in advertising activity? (c) Does the Cytodyne complaint allege a causal connection between the injury alleged and Super Natural's advertising activity?" 2003 WL 22336427, *7.

[3]Prosser suggests that federal courts view the duty to defend more broadly than do Wisconsin courts. This is belied by innumerable Wisconsin federal courts addressing the duty to defend, however, as well as by the Seventh Circuit. *See United States v. Security Management Co., Inc*., 96 F.3d 260, 263 (7th Cir. 1996). Even under the federal notice pleading regime, the complaint is simply silent about a claim based on advertising injury.

Case 2:06-cv-00359-WCG   Filed 10/20/06   Page 6 of 7   Document 58

In sum, I conclude that the complaint fails to allege either property damage or advertising injury.  Thus, Society has no duty under its policy to either defend or indemnify Prosser in this lawsuit, and its motion for summary judgment is therefore **GRANTED**.

**SO ORDERED** this ___20th___ day of October, 2006.


                                                 s/ William C. Griesbach

                                                 William C. Griesbach
                                                 United States District Judge