UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SLaM ARCHITECTURE + PLANNING, INC.,

      Plaintiff,

  v.                                                 Case No. 06-C-359

DANIEL PAMPERIN, LORI PAMPERIN,
PROSSER BUILDERS, INC. and
MC MONAGLE LUMBER, INC.,

      Defendants,

and

WILSON MUTUAL INSURANCE CO.,

      Intervening Defendant.

## ORDER

Wilson Mutual Insurance Company has moved for summary judgment and seeks a declaration that the homeowners' and umbrella policies it issued to defendants Daniel and Lori Pamperin do not provide coverage for the claims leveled in the present lawsuit. The motion has not been opposed.

Upon review of the claims alleged in the complaint and the policies issued by Wilson Mutual, it is clear that the policies do not provide coverage and that Wilson Mutual is entitled to summary judgment in its favor. In brief, the complaint alleges that the defendants infringed on the plaintiff's copyrighted "Kubiak residence" and seeks injunctive relief requiring the defendants to modify the home and to abstain from future violations of plaintiff's copyright. The complaint also

seeks damages. The insurance policies at issue cover the Pamperins (the owners of the home alleged to violate the plaintiff's copyright) for bodily injury, property damage and personal injury. (Sehloff Aff., Ex. A, B.)

The complaint does not allege anything that could be described as personal injury, which the policies define as false arrest, false imprisonment, libel, slander, and the like. Nor does the complaint allege bodily injury. The only conceivable basis for coverage would fall under property damage, which could arise if the plaintiff obtains the equitable relief it seeks, namely, a substantial modification of the insureds' house. Yet property damage is only covered if it arises from an "occurrence," which carries with it the familiar definitional requirement that there be an "accident . . . that results in bodily injury or property damage." In the event the Pamperins were forced to modify ("damage") their house, such damage would not be accidental – it would result from deliberate action.

Accordingly, I conclude that the allegations of copyright infringement are not covered under either of the policies issued by Wilson Mutual to the Pamperins. Wilson Mutual's motion for summary judgment is **GRANTED**, and a judgment will be entered indicating that the policies issued by Wilson Mutual to the Pamperins do not require it to defend or indemnify the Pamperins for the claims brought by the complaint in this case; further, Wilson Mutual is **DISMISSED** as a defendant in this case.

**SO ORDERED** this ___7th___ day of March, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge